IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

ERICA JAMES,                                *

                Plaintiff,              *

    -against-                       *

                               *    CIVIL ACTION NO.: 1: 16-cv-5096

KIPANY PRODUCTIONS, LTD.,     *

JOSEPH PENNACHAIO,              *

VLADIMIR BERENZON,              *    **TRIAL BY JURY DEMANDED**

TIFFANY HENDRY,                     *

JAMES "KIP" COLLIGAN,           *

ANDREW WEINRICH,                  *

RICHARD BROWN,                      *

               Defendants.         *

-------------------------------------------------------X

Plaintiff, ERICA JAMES, an individual, brings this action against defendants, KIPANY PRODUCTIONS, LTD., JOSEPH PENNACHAIO, VLADIMIR BERENZON, TIFFANY HENDRY, JAMES "KIP" COLLIGAN, ANDREW WEINRICH, AND RICHARD BROWN, pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2e to 2000e-17 (amended 1972, 1978, and by the Civil Rights Act of 1991, Publ. L. No. 102-1 66) (race, color, gender, religion, national origin).

### INTRODUCTION

1.     This is an action for gender discrimination pursuant to 42 U.S. C. Section 2000e et seq. (Title VII of the Civil Rights Act of 1964), as amended by the Civil Rights Act of 1991.

3

## JURISDICTION

2.      Jurisdiction of this action is specifically conferred upon this Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343.  Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981. 1983, and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-1 66, and any related claims under New York law.

3.      Within 90 days of the commencement of this action, the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") issued a "right to sue" letter.

4.      Defendants are an employer or an agent of an employer engaged in an industry as defined by 42 U.S.C. § 2000e(b).

5.      This court has personal jurisdiction over defendant Kipany Productions, Ltd. (hereinafter, "Kipany"), a for profit New York corporation.  At all times hereinafter mentioned, Kipany operated its business within the State of New York.

6.      This court has personal jurisdiction over all other defendants (besides Kipany), who are either owners, managers, supervisors, employees, or agents of defendant Kipany.

## VENUE

7.      Defendants operate their business within the Southern District of New York.  All actions by defendants alleged herein occurred within the Southern District of New York.  Venue is appropriate under 28 U.S.C. § 1391(b) because all of the events giving rise to the claims asserted herein arose in the Southern District of New York.

## PARTIES

8.      Plaintiff ERICA JAMES resides at 2965 Briggs Avenue, Bronx, NY 10458.

4

9. Defendant Kipany is a for-profit New York corporation doing business in the Southern District of the State of New York; defendant Kipany operates a business located at 32 East 39th Street, New York, NY.

10. Each individually named defendant is/was an owner, manager, supervisor, employee, or agent of defendant Kipany.

11. The address at which plaintiff was employed by defendant Kipany is 32 East 39th Street, New York, NY.

12. Defendant Kipany may be served with process by its registered agent at Kipany Productions, Ltd., 32 East 39th Street, New York, NY  10016.

13. Defendants PENNACHAIO, BERENZON, TIFFANY HENDRY, JAMES "KIP" COLLIGAN, WEINRICH, and BROWN may be served with process at their place of business, Kipany Productions, Ltd., 32 East 39th Street, New York, NY  10016.

## FACTS

14. Kipany is a marketing company, with an "information technology" (herainfter, "IT") departemtn as part of its operations.

15. The discriminatory conduct of which plaintiff complains of in this action includes termination of plaintiff's employment, unequal terms and conditions of plaintiff's employment, failure to promote plaintiff, among other things.

16. On or about March 8, 2004, plaintiff ERICA JAMES began her employment as an Operations Manager in the IT Department at Kipany.

5

17.     Throughout her employment, plaintiff ERICA JAMES performed her duties in a satisfactory or above manner.

18.     On March 20, 2015, plaintiff ERICA JAMES was terminated because of her female gender.   Plaintiff had previously made complaints about being treated in a discriminatory manner due to her gender; she was terminated when defendants TIFFANY HENDRY and RICHARD BROWN had scheduled a meeting with her and told her that they investigated her discrimination claims; that they had no intention of doing anymore with the situation; and that plaintiff should accept same; and that if she refused to accept it, she would be laid off or terminated.  She was terminated.

19.     Prior to her termination, and commencing in or about January 5, 2009, and continuing to March 20, 2015, plaintiff endured continued harassment, criticism, belittling, demeaning, and insulting behavior which was directed at her strictly because of her gender.  Said harassment was engaged in by each of the individually named defendants herein.

20.     Specific examples include, but are not limited, to the following:  On or about November 9, 2012, defendant JOSEPH PENNACHAIO made a remark, heard by plaintiff and others, that women were not as good as men at IT.

21.     On or about May 29, 2013, defendant VLADIMIR BERENZON refused to work with a female employee, and demanded that plaintiff work with her instead, stating that plaintiff "understand her", even though plaintiff did not work with this other employee any more than defendant VLADIMIR BERENZON did.

6

22.     In or about 2012, plaintiff complained to defendant TIFFANY HENDRY about how she was being treated by the men in her department; defendant TIFFANY HENDRY's response was "boys will be boys".

23.     On or about June 20, 2012, plaintiff complained to defendant JAMES "KIP" COLLIGAN, who told plaintiff that she was misunderstanding what was taking place, and took no action to address the discriminatory conduct.

24.     On several occasions, plaintiff complained to, defendant ANDREW WEINRICH, who at times verbalized being sympathetic to the situation endured by plaintiff, but yet never took any action to rectify it.

25.     On several occasions, plaintiff complained to defendant RICHARD BROWN, who stated that he investigated the situation, and although finding evidence of discrimination, failed to take any action to rectify it.

26.     Additional examples of the discriminatory behavior plaintiff endured include, but are not limited to:  remarks about women not being as good as men at IT; signs posted regarding women's inability to act assertively; omission from projects and emails on which plaintiff should have been included due to her qualifications; the assumption that plaintiff would "clean up" after parties; the directive that plaintiff was responsible for stocking the supply closet; the directive that plaintiff needed to cover the receptionist by answering phones; "spoofing" plaintiff's email; turning plaintiff's computer monitor display upside down; being denied additional training that plaintiff should have received due to her knowledge and qualifications; intentionally disrupting plaintiff's work; a sign was posted on plaintiff's floor, on which plaintiff was the only women, which advertised assertiveness training for women.  Plaintiff was asked to engage in menial tasks

that no men were asked to engage in, even though her qualifications and job title were equal to that of the men; plaintiff endured a general environment of hostility towards women.

27.    A charge was filed with the EEOC regarding the discriminatory conduct of defendant on or about January 17, 2016.

## COUNT ONE:  TITLE VII – GENDER

28.    Plaintiff incorporates herein all paragraphs prior to this one.

29.    Defendants have engaged in intentional gender discrimination in the terms and conditions of the plaintiff's employment, including, but not limited to, the plaintiff's termination.

30.    Defendants' conduct violates Title VII.

31.    Plaintiff filed a timely Charge of Discrimination alleging gender discrimination with the EEOC, and the EEOC issued a "right to sue" letter dated March 29, 2016.  A copy of said letter is annexed hereto as Exhibit 1.

32.    The plaintiff has satisfied all statutory prerequisites for filing this action.

33.    The plaintiff has filed this action under Title VII within ninety (90) days after receipt of her "Notice of Dismissal and Right to Sue" letter from the EEOC.

34.    Defendants' discriminatory conduct, in violation of Title VII, has caused the plaintiff to suffer a loss of pay, benefits, and prestige.

35.    Defendants' actions have caused plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

36.     Defendants have engaged in discriminatory practices with malice and reckless indifference to the plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

## PRAYER FOR RELIEF

37.     WHEREFORE, plaintiff demands judgment against defendants on the first cause of action as follows:

1)     That the court adjudge and decree that defendant's act of terminating plaintiff was a violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2e to 2000e-17 (amended 1972, 1978, and by the Civil Rights Act of 1991, Publ. L. No. 102-1 66) (race, color, gender, religion, national origin) (hereinafter, the "Act");

2)     That the court adjudge and decree that defendant's act of discriminating against plaintiff was a violation of the Act;

3)     That the court adjudge and decree that defendant's act of terminating plaintiff was a violation of Act;

4)     That the court order, direct, and require defendants to pay plaintiff all lost wages and compensatory damages, including expenditures that became necessary as a direct result of plaintiff's termination, including but not limited to interest and late fees;

5)     That the court order, direct, and require defendants to compensate plaintiff for loss of wages and other benefits lost because of the aforementioned violations of the Act;

6)     That the court award plaintiff such other and further relief as may be just and proper, including pre-judgment and post-judgment interest and costs.

9

7) That the court order, direct, and require defendants to pay plaintiff liquidated damages since defendant's failure to comply with the Act was willful (38 U.S.C. Section 4323 (c)(1)(A) (iii));

8) That the court order, direct, and require defendants to pay plaintiff compensatory damages for her mental pain and suffering;

9) That the court order, direct, and require defendants to pay plaintiff punitive damages, as defendant's failure to comply with the Act was a form of oppression and wicked conduct, among other things;

10) That the court award plaintiff his reasonable attorney fees, expert witness fees, and other litigation expenses (38 U.S.C. Section 4323 (c)(2));

11) That the Court grant such other relief as may be appropriate, including injunctive orders, other damages, costs, and attorney's fees.

38. Plaintiff requests a trial by jury.

Dated: Nassau County, New York
June 28, 2016

Yours, etc.,

NORA CONSTANCE MARINO (9898)
Attorney for Plaintiff
175 East Shore Road, Suite 230
Great Neck, NY 11023
516.829.8399

10

**INDIVIDUAL VERIFICATION**

STATE OF NEW YORK          )

                           )          ss.:

COUNTY OF *Nassau*

       The undersigned, being duly sworn, deposes and says, that I am the plaintiff in the within action, that I have read the foregoing **COMPLAINT** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true.

DATED:    6/21/16

                                                    _Erica James_.S.

                                                  ERICA JAMES

Sworn to before me this 21st

day of June, 2016

_____

Notary Public

NORA CONSTANCE MARINO
Notary Public, State of New York
No. 02MA5084119
Qualified in Queens County
Commission Expires September 26, 2017



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Erica James
2965 Briggs Ave.  Apt. 12 B
Bronx, NY 10458

Re:     EEOC Charge No. 520-2016-01574
        Erica James v. KIPANY PRODUCTIONS.

Dear Ms. James,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted.  You allege you were discriminated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Based upon the Commission's analysis, it is unable to conclude that the information establishes a violation of Federal law on the part of Respondent.  This does not certify that Respondent is in compliance with the statutes.  No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue.  Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice.  Otherwise, your right to sue will be lost.

Please contact Investigator Gustavo A. Blanco at 212-336-3640 if you have any questions.

Sincerely,

_____ for

Kevin J. Berry
District Director

3/29/2016

Date

Exhibit 1

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  Erica James
2965 Briggs Ave.  Apt. 12 B
Bronx, NY 10458

From:  New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

| | | |
|---|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-01574 | Gustavo A. Blanco, Investigator | (212) 336-3640 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Kevin J. Berry_ @ 3/29/2016

Enclosures(s)

Kevin J. Berry,
District Director

(Date Mailed)

cc:
**Attn
Director of Human Resources
KIPANY PRODUCTIONS
32 East 39th Street
New York, NY 10016**